UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 13-0229-EMC (NJV) |
| Plaintiff, | ) | |
| | ) | DETENTION ORDER |
| v. | ) | |
| JAQUAIN YOUNG, | ) | |
| Defendant. | ) | |

I. INTRODUCTION

On March 13, 2013 the United States charged defendant JAQUAIN YOUNG in a felony complaint with a violation of 18 U.S.C. § 2422(b), attempt to induce, entice or persuade a minor to engage in prostitution, an offense against the United States, which is a presumption case under the bail statute. For the reasons set forth below, the court detains Mr. Young as a danger to the community and as a flight risk. *See* 18 U.S.C. § 3142.

II. RELEVANT LEGAL STANDARDS

Under the bail statute, 18 U.S.C. § 3142, a court must order the release of a defendant on a personal recognizance or unsecured bond unless release on a bond alone will not reasonably assure the defendant's appearance or the safety of the community or another person. *See* 18 U.S.C. § 3142(b). If a court determines that release on a bond alone presents a risk of

DETENTION ORDER
CR 13-0229-EMC (NJV)

nonappearance or a danger to any person or the community, then the court must chose the least restrictive conditions that will assure the defendant's appearance and the safety of the community or another person. *See id.* § 3142(c) (listing thirteen possible conditions of release and empowering the court to impose "any other condition that is reasonably necessary" to assure the defendant's appearance and the community's safety). The court must order a defendant detained if – "after a hearing pursuant to the provisions of subsection [3142](f)" — the court finds that conditions cannot be fashioned to assure the defendant's appearance in court or the safety of the community or another person. *See id.* § 3142(e)(1). In cases involving the charges at issue here,

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person . . . . and the safety of the community.

*Id.* § 3142(e)(3)(D). The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Under section 3142(f)(E), the court "shall hold" a hearing only in certain cases, including on the government's motion in cases involving a minor victim. *See United States v. Emmons,* 294 Fed. Appx. 848, 851 (5th Cir. 2008). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *See id.* § 3142(f). The court generally must hold the detention hearing immediately at the defendant's first appearance, but the government may continue the hearing for three days and the defense may continue it for five days. *See id.* Further continuances are allowed only for good cause. *See id.* A defendant has certain rights at the hearing, including the right to be represented by counsel and the opportunity to testify, present witnesses, cross-examine adverse witnesses, and present information by proffer or otherwise. *See id.* § 3142(f). Section 3142(f) addresses other procedural issues including the following: (1) the rules of evidence do not apply at a detention hearing and (2) a court must have clear and convincing evidence to support a finding that conditions of release will not reasonably assure the safety of the community or another person.

DETENTION ORDER
CR 13-0229-EMC (NJV)                  2

In evaluating whether conditions can be fashioned to assure the defendant's appearance and the safety of the community or another person, a court "shall consider" the factors in section 3142(g), including (1) the nature and circumstances of the offense, including whether the offense is one of certain enumerated crimes (including the offense at issue here), (2) the weight of the evidence, (3) the history and characteristics of the person (including his job, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, track record in appearing court, and whether at the time of arrest the person was on supervision for parole, probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.

### III. DETENTION ORDER

Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in section 3142(g), the Court finds that no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case or the safety of any other person or the community.

The complaint reviews in detail the nature and circumstances of the offense. The court is mindful that the weight of the evidence is the least important factor. *See, e.g., United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). That makes sense: the inquiry under the bail stature is whether someone poses a danger, will abide by conditions of release, and will appear in court. If someone will do those things, release is appropriate, no matter how strong the evidence appears. At the same time, the nature and circumstances of this offense are relevant to the court's assessment of danger to the community and risk of the defendant's non-appearance in court.

As the complaint and the government's proffer revealed, the case involved the investigation of the "Central Divis Playaz (CDP) a racketeering enterprise engaged in sex trafficking, distribution of controlled substances, gun trafficking, robbery and murder. The defendant is a validated member of the CDP. According to the complaint and the government's proffer, in August of 2012, an SFPD officer began working undercover on the internet posing as a runaway

girl. The defendant made contact with the undercover officer through a series of Facebook messages, text messages, and phone conversations. During these contacts, the defendant attempted to get the UC to "lace up her boots", street slang for engaging in acts of prostitution, and for the defendant to act as her pimp.

The Pretrial Services report prepared on March 28, 2013 reveals a seven page criminal history record spanning eighteen years. The defendant's criminal history includes numerous prior failures to appear in court on other matters, and repeated violations of parole and/ or probation. A 2002 felony conviction involving the prostitution of a 15 year old girl. A 2006 felony conviction for pandering for prostitution. The defendant has also been validated by the SFPD as a member of the "Central Divis Playaz" gang.

At the time of the bail study, the defendant said that he could live with his brother. Defense counsel confirmed this, but at the time of the detention hearing the brother was unsure if the defendant could reside with him at his house, or if he would act as a surety in the matter.

On this record (which is more extensive than this short summary), the presumption is not rebutted. There are no viable sureties, or custodians. The defendant has an extensive criminal history, including state felony convictions for similar types of crimes as are charged here. The criminal history of the defendant, specifically his repeated violations of parole and/ or probation, also raises concerns about whether the defendant could comply with any conditions that the court might set.

On this record, the court holds that the presumption was not rebutted, and it finds by a preponderance of the evidence that no 3142(c) conditions will reasonably assure the defendant's presence, and by clear and convincing evidence that no conditions will reasonably assure the safety of the community or others. *See* 18 U.S.C. § 3142(f). The court orders the defendant detained pending trial. This order is without prejudice to the defendant raising additional information at a future bail hearing relevant to the court's bail inquiry.

### IV. CONCLUSION

The court detains the defendant JAQUAIN YOUNG as a danger to the community and as a flight risk. The defendant is committed to the custody of the Attorney General or a designated

1  representative for confinement in a corrections facility separate, to the extent practicable, from
2  persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. §
3  3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with
4  counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an
5  attorney for the government, the person in charge of the corrections facility must deliver the
6  defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

   IT IS SO ORDERED.

   DATED: May 7, 2013

   _____
   NANDOR VADAS
   United States Magistrate Judge